IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

**JEREMY ISAAC LOPEZ**,

        Defendant.

No. 1:24-CR-00096 JB

**SENTENCING MEMORANDUM OF THE UNITED STATES**

**COMES NOW** the United States of America, by and through counsel of record Assistant United States Attorney Robert James Booth II and files this Sentencing Memorandum as to Defendant Jeremy Isaac Lopez, (hereinafter "Defendant"). The United States requests that this honorable court sentence Defendant to the upper end of the guideline range in this matter. The proposed sentence is sufficient, just, and reasonable, but not greater than necessary to comply with the sentencing considerations outlined in 18 U.S.C. § 3553(a)(2).

**I. PROCEDURAL HISTORY**

1. On January 3, 2024, Defendant was arrested pursuant to a Criminal Complaint filed in this matter. Doc. 4.

2. On January 9, 2024, the Court determined that Defendant should be detained in this matter until trial. This finding was based in part upon Defendant's prior criminal history, participation in criminal activity while on probation, parole or supervision, history of violence or use of weapons,

prior failure to appear in court as ordered, prior attempts to evade law enforcement, and prior violations of probation, parole, or supervised release. Doc. 15.

3. On January 23, 2024, Defendant was indicted by Grand Jury in this matter. Doc. 18.

4. On July 11, 2024, the parties filed their Plea Agreement in this matter and Defendant pled guilty to the charges in the Indictment. Docs. 32 and 33.

5. A Presentence Investigation Report was completed in this matter by United States Probation Officer Saira Bustillos-Quintana and filed with the court on September 11, 2024. Doc. 35.

## II. PRESENTENCE INVESTIGATION REPORT

Officer Bustillos-Quintana determined and reported in the Presentence Investigation Report (hereinafter "PSR") that Defendant has a criminal history category of II. *Id.* at ¶ 40. It was also determined that if Defendant had been convicted at trial on all of the counts of the Indictment in this matter that his offense level would have been 24. This offense level coupled with his criminal history category of II would yield a guideline imprisonment range of 57 – 71 months. *Id.* at ¶ 69.

After receiving a three-point deduction in his total offense level for acceptance of responsibility as well as two-point reduction due to his "safety valve" eligibility. Defendant's offense level becomes 19. With Defendant's criminal history the guideline imprisonment range becomes 33 to 41 months. *Id.* at ¶¶ 28-29 and Doc. 40.

The United States agrees with this total offense level, criminal history category, and advisory guideline range.

### III. SENTENCING REQUEST

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining a sentence that is sufficient but not greater than necessary to achieve the statutory purposes of federal sentencing. See United States v. Booker, 543 U.S. 220 (2005).  The United States respectfully requests that this Court sentence Defendant to a term of 41 months of incarceration which is the high end of the advisory guideline range. Such a sentence in this case is sufficient but not greater than necessary, to comply with the 18 U.S.C. § 3553(a) factors.

1. **The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

   Defendant's overall conduct in this matter involved him possessing with the intent to distribute controlled dangerous substances.  On April 19, 2023, the Pueblo of Pojoaque Tribal Police Department was notified by a Federal Bureau of Investigation task force officer that Defendant was at the Cities of Gold Casino. As Officer's approached the car in which Defendant was sitting, he attempted to flee by placing the car into gear and accelerating forward until he crashed into anther parked vehicle.  Defendant was searched and found to have the following on his person Lopez was searched and found to have the following narcotics on his person: 10.46 net grams of pure methamphetamine (actual), 5.67 net grams of heroin, 50.9 net grams of fentanyl, 27 grams of suspected suboxone, 3 grams of

tobacco, 12 grams of suspected marijuana, and dozens of small clear baggies. *Id.* at ¶¶ 11-12.  The quantities of the substances found on Defendant along with the small baggies indicate that while he may have indeed been a substance abuser, that he was also possessed those substances to engage in the distribution of the same.

Defendant only has a criminal history category of II, as the result of his ability to continually escape being held accountable for the criminal activity in which he continually engages.  On April 9, 2017 in Rio Arriba Magistrate Court Docket No.: M-43-FR-2017- 00105, Defendant was charged with Felony Possession of a Controlled Substance and Misdemeanor Resisting an Officer.  Those charges were dismissed on April 27, 2017.  On August 3, 2018, Defendant was arrested and charged with Felony Tampering with Evidence, Misdemeanor Possession of a Controlled Substance, and Misdemeanor Evading Arrest.  On August 15, 2018, the first two counts were dismissed and Defendant received a one-year suspended sentence on Count 3.  Defendant responded to that by receiving probation violations on two occasions along with failing to appear three times for court hearings after his sentencing.

While still on probation in that matter, indeed just two months after being sentenced, Defendant committed the crimes of Felony Fleeing a Law Enforcement Officer, and two counts of Resisting Arrest as documented in First Judicial District Court of Santa Fe County Docket No.: D-101-CR- 2019-00011.  Defendant failed to appear and failed to comply with his conditions of release before being

sentenced on March 30, 2021. Despite failing to appear, failing to comply with the conditions of his release and committing the crimes while on probation, Defendant was sentenced to 18 months of probation.

On April 1, 2021, in Rio Arriba Magistrate Court Docket No.: M-43-FR-2021-00108 Defendant faced felony charges for Receiving Stolen Property – Firearm. Despite failing to appear, three month later the case against Defendant was dismissed.

In February of 2022, Defendant entered a Subway restaurant, pointed a gun at the 16-year-old cashier and said, "give me everything in the register or you're gonna f*cking die. Right now!" Defendant was charged with Armed Robbery in First Judicial District Court Docket No.: D-101-CR-2022-00105. Defendant failed to comply with the conditions of his pretrial home detention release. He was then placed on an ankle monitor, which he removed in order to flee, and was ultimately apprehended as a result of the events that led to this case. Despite those things, and the fact that Defendant committed the crime in that case while on probation for a felony that he committed while already on probation, and his history of failing to appear and probation violations, Defendant received a suspended sentence and more probation.

Based upon the nature and circumstances of the current matter as well as the history and characteristics of Defendant, a sentence at the high end of the sentencing range is appropriate in this matter.

**2. The Need for the Sentence Imposed to Promote Respect for the Law, Provide Just Punishment, Adequate Deterrence and to Protect the Public from Further Crimes of the Defendant**

A sentence of 60 months incarceration would reflect the seriousness of the offense and provide adequate deterrence. Deterrence includes both general deterrence and specific deterrence. While general deterrence's goal is to deter others from committing the same crime by demonstrating its disadvantageous consequences specific deterrence's goal is to incapacitate the wrongdoer, so as to protect society from further criminal activity. In this case, Defendant would be incarcerated for a total of 41 months. As a result, society would be "protected" from any wrongdoing on his part for that time period. Additionally, a period of 41 months of incarceration for an individual without any prior federal convictions and a criminal history level of II should also serve to deter others from committing the same crime.  Given the criminal conduct of Defendant in the past, a sentence of less than that term could have the opposite effect on other individuals as it would demonstrate yet again an inexplicable lenience for Defendant's conduct.

**IV.   Conclusion**

Defendant's actions must be punished, and the United States believes the proposed punishment is sufficient but not greater than necessary to achieve the statutory purposes of federal sentencing.

WHEREFORE, the United States hereby requests the Court sentence Defendant to 41 months of incarceration.

          Respectfully submitted,
          ALEXANDER M.M. UBALLEZ
          United States Attorney

          <u>/s/ Electronically filed on January 3, 2025</u>
          ROBERT JAMES BOOTH II
          Assistant U.S. Attorney
          Post Office Box 607
          Albuquerque, NM 87102
          (505) 346-7274

I HEREBY CERTIFY that on January 3, 2025
I filed the foregoing electronically through the
CM/ECF system, which caused counsel of record
to be served by electronic means, as more fully
reflected on the Notice of Electronic Filing.
<u>Electronically filed on January 3, 2025</u>
ROBERT JAMES BOOTH II
Assistant U.S. Attorney